# Commonwealth ex rel. Krupa v. Krupa

*Robert C. Houpt,* for plaintiff.
*Cindy Rosenthal,* for defendant
*Paula D. Francisco,* for county.

WOOD, J., March 30, 1981—This case involves the visitation rights of a father with his minor son who is currently in the custody of his mother pursuant to an order entered by the court upon stipulation. On September 8, 1980 the father, George Krupa, filed a petition for contempt against the mother, Linda Krupa, for her alleged violation of the father's visitation rights as outlined in the custody order. The mother counterclaimed seeking a suspension of the father's visitation rights. Both parties have filed in forma pauperis petitions which were consolidated for hearing before the undersigned on February 24, 1981. The merits of the case have never been heard due to the parties' inability to bear the costs of court-ordered psychological evaluations of both parties and the child and the cost of home studies. The question before us is whether the court may and should direct that the costs of these evaluations and home studies be imposed on the county.

We note initially that the Superior Court has obliged us to create a factual record concerning the physical and mental condition of the parties and the child, including the taking of expert testimony, where necessary for a proper decision: Jones v. Floyd, 276 Pa. Superior Ct. 76, 419 A. 2d 102 (1980); Lewis v. Lewis, 267 Pa. Superior Ct. 235, 406 A. 2d 781 (1979). We have been made aware of proposed new Rules of Civil Procedure, which deal with the custody of minor children and which codify the requirement for thorough evaluations. Proposed rule 1915.8(c) states that "[t]he court may assess the cost of the examination and report on the parties or any of them or as otherwise permitted by law." Unless or until our Supreme Court adopts permanent rules, we consider these proposals to be as good a guideline as any in the area of assigning costs.

Although there is no specific statute which requires the county to absorb such costs, we observe that we are obliged to give an indigent the same access to the judicial system as a person with means: See Lindsey v. Normet, 405 U.S. 56, 77 (1972). The only way to achieve this is to have the county absorb the costs in cases involving indigent persons. We will nevertheless require indigents to contribute what they are able, but will leave it to the county to suggest a schedule of fees based upon ability to pay.

## ORDER

And now, March 30, 1981, the rules heretofore granted are made absolute. The parties shall arrange for appropriate counseling and home studies, and payment therefor shall be the responsibility of the county, except that leave is granted to the

county to suggest a schedule of partial payments appropriate to the incomes of the parties. The court reserves the right to approve the person or agency chosen to perform evaluations, and to approve the amount of the bill.